**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| **PAUL BARRETT**, individually and on behalf of all others similarly situated,<br><br>          *Plaintiff*,<br><br>*v.*<br><br>**LOCAL LIGHTHOUSE, INC.**, a California corporation,<br><br>          *Defendant*. | Case No. :<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Paul Barrett ("Barrett") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Local Lighthouse, Inc. ("Local Lighthouse") to put an end to its unlawful practice of placing unsolicited telemarketing calls to consumers nationwide. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1.     Defendant Local Lighthouse offers "Internet Marketing and Search Engine Optimization to companies throughout the United States and…[is] the fastest growing internet marketing company in the nation."[1]

2.     While Defendant's business model is a legitimate one, it has resorted to unsolicited robocalls to grow its customer base.

3.     Because Defendant makes unsolicited robocalls to consumers' without prior

---

1 https://www.linkedin.com/company/local-lighthouse

express consent, it has, and continues to, violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4.      The TCPA was enacted to protect consumers from unsolicited and repeated telephone calls exactly like those alleged in this case. Defendant made these calls despite the fact that neither Plaintiff, nor the other members of the putative Class, ever provided Defendant with their prior express consent to be called. By making the phone calls at issue in this Complaint, Defendant caused Plaintiff and the other members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited phone calls and the monies paid to their telephone carriers for the receipt of such calls. In addition, the calls violated their right of privacy.

5.      In response to Defendant's unlawful conduct, Plaintiff filed the instant lawsuit seeking an injunction requiring Defendant to cease all unsolicited calling activities, as well as an award of statutory damages to the members of the Class as provided under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff Paul Barrett is a natural person and citizen of the State of North Carolina.

7.      Local Lighthouse, Inc. is a corporation existing under the laws of the State of California with its principal place of business located at 13681 Newport Ave, Suite 1583, Tustin, California. Local Lighthouse conducts business throughout this District, the State of North Carolina, and the United States.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this action arises under the TCPA. This Court has personal jurisdiction over

Local Lighthouse because it conducts significant amounts of business in this District and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this District.

9.      Venue is proper in this district under 28 U.S.C. § 1391(b) because Local Lighthouse conducts business in this District, the improper conduct alleged in this Complaint occurred in this District, and the injury arose in this District. Venue is additionally proper because Plaintiff resides in this district.

**FACTUAL BACKGROUND**

10.     Defendant provides local search engine optimization for local businesses nationwide. Unfortunately, in their pursuit of marketing those services, Defendant Local Lighthouse conducted nationwide telemarketing campaigns.

11.     In order to reach more customers, Defendant uses an invasive and illegal method of advertising: unsolicited telemarking known as robocalling.

12.     Defendant or their agents place pre-recorded calls to consumers notifying them about their Google local listing.  These messages are vague so that the consumer might think that Google is in fact calling them since the initial pre-recorded message does not reveal the company name behind the call.  To learn more, the consumer has to press a digit on his phone's keypad.  If the consumer further identifies that he owns a business by pressing another digit, he is automatically connected to a live operator.  The live operator tries to sell the consumer local search engine optimization services.

13.     If a consumer tries to call the phone number back that called him, they will only reach a pre-recorded opt-out message that does not identify the company calling from that phone number which is one way Defendant's hide their identity.

14.     This telemarketing sequence, from beginning to end, was designed to hide the real identity of the company behind the telemarketer since the company did not have consent to call the consumers in the first place.

15.     Defendant made, and continues to make, these telemarketing calls to consumers nationwide without their prior written consent to do so.

16.     Even though these calls are directed towards businesses, many consumers including Plaintiff, received these pre-recorded robocalls calls on their cell phone.

17.     Defendant made and continues to make these telemarketing calls to consumers nationwide without their prior written express consent to do so.

18.     Online consumer complaints regarding Defendant's unsolicited telemarketing calls are legion:

- This was a recorded message, female voice, claiming to be from Google Search and needed urgently to speak to business owner.  The number receiving the call is not a business, but a private residence.  I hung up.[3]

- I've been getting calls from these A-holes for weeks...push 2 to be removed from their call list - Does NOT work...  Staying on the call and asking the reps politely to remove me Does NOT work..  So I tried a new tactic.  I got all chummy with the last person.  Acting very interested and pretending that I wanted them to manage my website.  I GOT THEIR COMPANY NAME... It's Local Lighthouse out of CA.  www.locallightouse.com. [4]

---

3 http://800notes.com/Phone.aspx/1-704-769-3412
4 http://800notes.com/Phone.aspx/1-704-769-3412

· I finally got one of these people to tell me who they are...LocalLighthouse.com is their web address. Called a # on the do not call list. [5]

· I keep getting calls about updating my Google, Yahoo and Bing local listing. The phone number changes each call...I was able to talk to a real person. They said they work for Google, Yahoo and Bing. When I asked them what their company name was they told me Local Lighthouse, their website is http://www.locallighthouse.com. As soon as I asked "So are you your own company or do you work for Google" They hung up on me. This company is cold calling millions of people pretending to work for or with Google to trick you to sign up with their services. This is FRAUD and this company should be taken down from the web.[6]

• This company continues to call us on our cell phones and business line. They have no way of opting out and when I do get a live person on the other end and ask to be removed from the list, they swear and hang up. I receive up to 5 calls per day and it is relentless.[7]

• Business cold-called me...An automated message attempted to claim that there was a serious issue with my business, that they had attempted to contact me numerous times, and that there would be serious issues for my business if I did not speak with them. Additionally, the message claimed they were working FOR Google, Bing, and Yahoo. I pressed the button to speak with a person to inform

---

5 http://800notes.com/Phone.aspx/1-512-887-4536

6 http://800notes.com/Phone.aspx/1-304-719-4859

7 http://www.bbb.org/sdoc/business-reviews/internet-marketing-services/local-lighthouse-corp-in-costa-mesa-ca-100106213/Complaints#breakdown

them that I did not own a business and that they were calling a private cell phone. I asked them who they were and they said Local Lighthouse.[8]

**IV.**    **Plaintiff Barrett's Experience**

19.    On information and belief, starting in or around February, 2015 Barrett started receiving pre-recorded telemarketing calls on his business landline regarding placement in Google's search results.  The pre-recorded call stated "We have an urgent message about your Google local listing. We need to be sure the business owner has claimed their Google local listing.  Press 1 for a Google local specialist who can help you with this."

20.    Plaintiff Barrett initially spoke to a live operator on one of these calls since he thought the call was from Google.  He learned quickly when speaking with the live operator, that the caller was not Google but an Internet marketing and search engine optimization company soliciting him to use their services.  Plaintiff Barrett told the telemarketer that he was not interested and to remove him from their calling list.  The telemarketer responded by cursing at Plaintiff Barrett.

21.    On February 24th and February 25th, 2015 Barrett received the same pre-recorded message on his cell phone from 704-769-3412.

22.    Plaintiff Barrett wanted to speak with a live operator to identify the company that was calling him since he had previously told them to stop calling so he pressed one on his keypad to speak with a live operator.

23.    When Plaintiff Barrett was connected to the live telemarketer, he asked the telemarketer if he was with Google and the telemarketer avoided answering.  Plaintiff Barrett then asked what the name of his company was and he refused to give the name.  Finally, Plaintiff

---

8 http://www.bbb.org/sdoc/business-reviews/internet-marketing-services/local-lighthouse-corp-in-costa-mesa-ca-100106213/Complaints#breakdown

Barrett told the telemarketer to send him an email of their company's information as he feigned

interest so that he could identify the telemarketer that had been relentlessly calling him.

24.     The Defendant telemarketer sent him an email from LocalLighthouse.com which

included information on their company that "offer[s] a full suite of services to place businesses

in local maps, organic searches" which is consistent with the calls Plaintiff received.

25.     Plaintiff did not provide his prior express written to be called by Defendant and

did not interact with Defendant in any way prior to receiving a call from them.

26.     Plaintiff's cell phone has been registered on the do not call registry since March

29, 2012.

27.     Defendant is and was aware that it is placing unsolicited robocalls to Plaintiff and

other consumers without their prior written express consent.

## CLASS ALLEGATIONS

28.     **Class Definition**: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2)

and (b)(3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

> **Robocall Class**: All persons in the United States who (1) received a telephone
> call; (2) promoting Defendant Local Lighthouse's services (3) that featured an
> artificial or pre-recorded voice; and (4) for which the caller had no record of prior
> written express consent to make such call to the telephone number that received it.

> **Do Not Call Class**: All individuals in the United States (1) who had his or her
> telephone number(s) registered with the National Do Not Call Registry; (2) who
> never consented to be contacted by Defendant; (3) to which Defendant made more
> than one telephone call to; (4) promoting Defendant's products or services; (5)
> within any 12-month period.

Excluded from the Class are (1) Defendant, Defendant's agents, subsidiaries, parents, successors,

predecessors, and any entity in which Defendant or its parents have a controlling interest, and

those entity's current and former employees, officers, and directors, (2) the Judge to whom this

case is assigned and the Judge's immediate family, (3) persons who execute and file a timely

request for exclusion from the Class, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

29.     **Numerosity**: The exact number of members of the Class is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals. Class members can be easily identified through Defendant's records.

30.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

a)     whether Defendant's conduct violated the TCPA;

b)     whether Defendant made calls featuring an artificial or pre-recorded voice;

c)     whether Defendant and/or its agents systematically made phone calls to persons who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls; and

d)     whether Defendant systematically made telephone calls to persons whose telephone numbers were registered with the National Do Not Call Registry

e)     whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct.

31.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

32.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

33.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply and affect members of the Class uniformly and Plaintiff's challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class. The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the members of the Class have suffered harm and damages as a result of Defendant's unlawful and wrongful conduct.

34.     **Superiority**: This case is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this

controversy. The injuries suffered by the individual members of the Class are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Defendant. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

35.     Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

### FIRST CAUSE OF ACTION
**Violation of 47 U.S.C § 227**
**(On behalf of Plaintiff and the Robocall Class)**

36.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37.     Defendant made unsolicited and unwanted telemarketing calls to the telephone numbers belonging to Plaintiff and the other members of the Robocall Class without their prior written express consent.

38.     Defendant made unsolicited telemarketing calls to the telephone numbers belonging to Plaintiff and the other members of the Robocall Class using a prerecorded or artificial voice, more commonly known as a "robocall."

39.     By making, or having made on its behalf, unsolicited robocalls utilizing an artificial or prerecorded voice to Plaintiff's and the Class's telephones without prior written express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B). As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Robocall Class suffered actual damages in the form of monies paid to receive unsolicited calls and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each violation of the TCPA.

40.     Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Robocall Class.

**SECOND CAUSE OF ACTION**
**Violation of the TCPA, 47 U.S.C. § 227(c)(5)**
**(On behalf of the Plaintiff and the Do Not Call (Class)**

41.     Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

42.     47 U.S.C. §227 (c) provides that any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may," bring a private action based on a violation of said regulations, which regulations were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

43.     The Telephone Consumer Protection Act's implementing regulation, 47 C.F.R. §64.1200 (c), provides that "No person or entity shall initiate any telephone solicitation" to "…(2) A residential telephone subscriber who has registered his or her telephone number on the national do- not- call registry of persons who do not wish to receive telephone solicitations that is

maintained by the federal government."

44.     47 C.F.R. §64.1200 (d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not- call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do- not- call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

45.     47 C.F.R. §64.1200 (e), provides that §64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone

numbers to the extent described in the Commission's Report and Order, CO Docket No. 02-278, FCC 03- IS3, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

46.    Defendant violated § 64.1200(c) by initiating telephone solicitations to wireless and residential telephone subscribers, such as Plaintiff and the Do Not Call Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested not to receive calls from Defendant, as set forth in § 64.l200(d)(3).

47.    Defendant and/or its agents made unsolicited telephone calls to Plaintiff and the members of the Robocall Class without their prior express consent to receive such calls. Plaintiff and members of the Robocalls Class never provided any form of consent, at any time, to receive telephone calls from Defendant.

48.    Defendant violated § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiffs and the Do Not Call Class without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

49.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Class received more than one telephone call within a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff, the Robocall Class, and the Do Not Call Class suffered

actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

50.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Class.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Paul Barrett, on behalf of himself, the Robocall Class, and the Do Not Call Class, respectfully requests that this Court enter an order:

A.     Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiff Paul Barrett as representative of the Class, and appointing his counsel as Class Counsel;

B.     Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C.     An award of actual and statutory damages;

D.     Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

E.     Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

F.     Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**PAUL BARRETT**, individually and on behalf of all others similarly situated,

Dated: March 18, 2015                    By: ____/s Ted Lewis Johnson_____
                                              One of Plaintiff's Attorneys

Ted Lewis Johnson
PO Box 5272
Greensboro, NC 27435
tedlewisjohnson@tedlewisjohnson.com
Tel: 336.252.8596

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
New York | New Jersey | Florida
Tel: 877.333.9427
Fax: 888.498.8946

* Motion for admission *pro hac vice to be filed.*